**WAYNE GREENWALD, P.C.**
*Pro Se*
at 475 Park Avenue South - 26th Floor
New York, NY 10016
212-983-1922
By: Wayne M. Greenwald

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re                                                            Case No.
                                                                      13-41172-ESS
AUTO STORAGE SYSTEMS, INC.,             Chapter 7

                           **Debtor.**
-----------------------------------------------------------X

### VERIFIED MOTION FOR ORDERS AUTHORIZING
### WAYNE GREENWALD P.C. TO WITHDRAW ITS APPEARANCE
### AS COUNSEL TO THE DEBTOR
### WITH POINTS AND AUTHORITIES

**TO:  HON. ELIZABETH S. STONG**
       **UNITED STATES BANKRUPTCY JUDGE:**

Wayne Greenwald, P.C. ("WGPC"), *pro-se*, represents:

### PRELIMINARY STATEMENT

1. WGPC asks this Court to enter orders: a.) pursuant to Rule 2090-1(d) and 2090-2(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, withdrawing WGPC's appearance in this case as the Debtor's attorneys; and b.) granting such other and further relief as the Court deems proper (the "Motion").

2. The Motion should be granted because:

   A.)   WGPC was not retained to represent the Debtor in filing or assisting

in the administration of this case;

B.) WGPC was retained solely to represent the Debtor in moving to convert this case from one under Chapter 7 of the Bankruptcy Code to one under Chapter 11 of the Bankruptcy Code (the "Conversion Motion").

C.) The Conversion Motion was filed on April 2, 2014.

D.) On September 16, 2014, the Conversion Motion was withdrawn.

E.) WGPC did not render any services arguably for the Debtor other than in the Conversion Motion's context.

F.) WGPC has not been asked to render any services arguably for the Debtor other than in the Conversion Motion's context.

G.) Victor M Wilson, Esq., who filed this case for the Debtor remains responsible for fulfilling the duties of an attorney who files a chapter 7 case for a Debtor.

H.) No reason exists for WGPC to continue as appearing for the Debtor in this case.

## JURISDICTION, VENUE AND PROCEDURAL BACKGROUND

3. The Debtor filed its Chapter 7 petition on February 28, 2013.

4. This Court's ECF docket for this case shows that Victor M. Wilson, Esq., filed this case as the Debtor's attorneys.

5. Upon information and belief, Robert L. Geltzer was appointed and qualified

as chapter 7 trustee in this case (the "Trustee").

6. The Debtor's business was a parking garage.

7. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

8. Upon information and belief, this Motion is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. Upon information and belief, this Motion concerns a "public right."

10. This district is the correct district for this Motion, pursuant to 28 U.S.C. § 1408.

**Events Precipitating this Motion**

11. On February 27, 2015, the Trustee commenced actions against William Saint Louis and Auto Storage Sys Services, Inc**.,** (Adv No. 15-01029) and Monique Pearson and 827 Sterling Place Associates, Inc., (Adv No. 15-01030)(the "Adversary Proceedings").

12. WGPC appeared for the defendants in the Adversary Proceedings (the "Defendants").

13. WGPC filed the Defendants' motions to dismiss the Adversary Proceedings (the "Dismissal Motions").

14. The Trustee responded to the Dismissal Motions by moving to disqualify WGPC as the Defendants' attorneys in the Adversary Proceedings (the "Disqualification Motions").

15. The Disqualification Motions contend that WGPC is disqualified from representing the Defendants in the Adversary Proceedings since WGPC represented the Debtor in the Conversion Motion.

16. The Defendants oppose the Disqualification Motions.

17. In opposing the Disqualification Motions, WGPC offered to withdraw its appearance as representing the Debtor in this case.

18. The Trustee rejected that offer.

## CAUSE TO WITHDRAW APPEARANCE AS COUNSEL EXISTS

### *Legal Authority*

19. Local Rule 2090(d) provides:

    ***Withdrawal or Substitution of Attorneys of Record.***

    > An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

20. New York Rule of Professional Conduct 1.2( c ) authorizes lawyers to limit the scope of their retention, as WGPC has done.

21. New York Rule of Professional Conduct 1.16 ( c ) provides that attorneys may withdraw from representing a client when:

    (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . .

    (10) the client knowingly and freely assents to termination of the employment; . . . .

    (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal. . . .

22. Each of these basis for withdrawal exists.

**No Prejudice to the Debtor**

23. WGPC does not and never represented the Debtor's estate.

24. That is solely the Trustee's responsibility.

25. WGPC did not represent the Debtor in filing this case. Victor Wilson, Esq., did.

26. As the attorney filing this case for the Debtor, Mr. Wilson, not WGPC is responsible for cooperating with the Trustee, attending the first meeting of creditors and other duties. See, *In re Allboro Waterproofing Corp.*, 224 B.R. 286, 292 (Bankr. E.D.N.Y. 1998) ("*Allboro*"), *In re Cochener*, 360 B.R. 542, 580 - 582 (Bankr.S.D.Tex. 2007).

27. WGPC's role for the Debtor in this case was limited to the Conversion

Motion.

28. WGPC never supplanted Mr. Wilson as the Debtor's attorney in this case.

29. Victor Wilson remains the Debtor's attorney in this case.

30. There is no prejudice to the Debtor in WGPC being relieved as the Debtor's attorneys in this case.

## The Client Knowingly and Freely Assents to Termination

31. The Trustee did not retain WGPC to represent the Debtor or its estate.

32. The Debtor's principals chose WGPC for the limited purpose of making the Conversion Motion.

33. The client agreeing to retain WGPC for a limited purpose means that the client agrees WGPC's retention does not exceed that purpose.

34. This Motion only implements the limits of the agreed to retention.

35. Only the Trustee wants WGPC's retention exceeding what was agreed to.

36. Yet, even the Trustee never asked WGPC to do anything for the Debtor out of the Conversion Motion's context.

37. The Debtor that retained WGPC knowingly and freely assented to WGPC withdrawing its appearance in this case as the Debtor's attorney.

## The Court Will Find Other Good Cause for Withdrawal

38. This Motion seeks a judicially recognized remedy for WGPC's alleged conflict of interest perceived by the Disqualification Motions: relieving

WGPC as the Debtor's attorneys. See*, Allboro*, 224 B.R. 297 and *In re Restaurant Development Group, Inc.*, 402 B.R. 282, 292 (Bankr. N.D. Ill. 2009).

39. There is no recognized prejudice to the Trustee or the Debtor's estate by WGPC representing the Defendants in the Adversary Proceedings.

40. WGPC has not obtained any information not equally available to possible successor counsel.

41. The Disqualification Motions identify no harm to the Trustee or the Debtor's estate by WGPC representing the Defendants in the Adversary Proceedings.

42. This failure to identify prejudice or injury shows the Disqualification Motions' true purpose is a tactic against the Defendants in the Adversary Proceedings. See *Allboro*, 224 B.R. 296.

43. The Disqualification Motions rely solely on WGPC's nominal status as the Debtor's counsel to disqualify WGPC as the Defendants' attorneys.

44. Withdrawing WGPC's appearance for the Debtor in this case will: a.) remove any future illusions generated by that nominal status; and b.) facilitate this Court determining whether WGPC's real relationship with the Debtor justifies disqualifying WGPC as the Defendants' attorneys in the Adversary Proceedings.

45. As Judge Feller opined in *Allboro*:

> A further observation, puzzling indeed, is that the Trustee's consent to

> [counsel]'s representation of the Defendants, if only for the purpose of negotiating a settlement, was ostensibly an effort to expedite and facilitate resolution of the adversary proceedings, and thereby the overall administration of the Debtor's bankruptcy case. Now, however, the Trustee pursues disqualification despite [counsel]'s offer to withdraw as Debtor's counsel, even though such a withdrawal cures the conflict of interest just as effectively as the disqualification urged by the Trustee. . . . Without identifying any underlying reason for favoring one curative measure over the other, the Trustee's insistence that disqualification is the preferred solution is incomprehensible.

*Id.*, at 295-296.

46. The same puzzlement exists here.

47. The Trustee had no issue with WGPC representing the Defendants in their ill-fated negotiations with the Trustee to buy the Debtor's assets and resolve his issues with them.

48. To facilitate the resolution of the Disqualification Motions as contemplated by *Allboro*, WGPC asks to withdraw its appearance as the Debtor's

attorneys in this case.

**WHEREFORE,** Wayne Greenwald, P.C., requests that this Court grant this Motion and issue further orders: a.) Local Rule 2090-1(d) and 2090-2 relieving it as the Debtor's counsel in this case; and b.) granting such other and further relief as it deems proper.

Dated: New York, NY
        June 10, 2015

                            WAYNE GREENWALD, P.C.
                            *Pro Se*

                            By: /s/ Wayne M. Greenwald Officer
                                Wayne M. Greenwald
                            475 Park Avenue South - 26th Floor
                            New York, NY 10016
                            212-983-1922

## **VERIFICATION**

Wayne Greenwald declares:

1. I am an officer of Wayne Greenwald, P.C.

2. I have personal knowledge of the facts stated herein.

3. I read the preceding motion, know its contents and the facts stated therein are true to the best of my knowledge.

4. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements of fact are true and correct to the best of my knowledge.

Dated: New York, New York
        June 10, 2015

/s/ Wayne M. Greenwald<br>Wayne M. Greenwald